UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WALTER DANIEL,

    Plaintiff,

v.                                                              CASE NO. 5:19-CV-83-OC-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## **ORDER**

This is an action for review of the administrative denial of disability insurance and period of disability benefits (DIB). *See* 42 U.S.C. § 405(g). Plaintiff argues that the decision is not supported by substantial evidence because the ALJ failed to include any limitations related to his migraine headaches in the residual functional capacity ("RFC") assessment and failed to investigate the apparent conflict between the vocational expert's ("VE") testimony and the DOT. After considering the parties' memoranda (docs. 17 and 18) and the administrative record (doc. 12), I remand for further proceedings consistent with this Order.[1]

    *A.*    *Background*

Plaintiff Walter Daniel, born on January 6, 1975, filed applications for period of disability, DIB on April 19, 2017, alleging disability beginning November 30, 2016. He alleges disability due to multiple impairments including bilateral shoulder impingements, obesity, migraine headaches, a traumatic brain injury, depression, anxiety disorder, and post-traumatic stress disorder (R. 46-50). Plaintiff completed two years of college and served for years in the Army as

---

[1] The parties have consented to my jurisdiction (doc. 11). *See* 28 U.S.C. § 636(c).

1

a Fire Support Sergeant with primary job duties that included briefing, planning, and coordinating fire support missions (R. 48-50). He was deployed multiple times during his military career. At the time of the administrative hearing, July 19, 2018, Plaintiff testified that he had officially retired from the military on December 1, 2016, and was living in Ocala, Florida with his wife and two of his five children (R. 44-45;171).

In a decision dated September 26, 2018, the ALJ found Plaintiff has the following severe impairments: bilateral shoulder impingements; a lumbosacral strain; obesity; migraine headaches; a traumatic brain injury (TBI); depression; an anxiety disorder; and a post-traumatic stress disorder (PTSD) (R. 12). The ALJ further found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §404.1520(d), 404.1525 and 404.1526) (R. 16). After carefully considering the record in its entirety, the ALJ concluded Plaintiff has the RFC to perform light work with additional limitations. Specifically, the ALJ concluded he can:

> … lift, carry, push, and pull 20 pounds occasionally (up to one-third of the workday) and 10 pounds frequently (up to two-thirds of the workday), as well as sit, stand, and walk for up to 6 hours each out of an 8-hour workday. With the left upper extremity, the claimant can only occasionally reach overhead and frequently reach in all other directions. With the right upper extremity, the claimant can frequently reach in all other directions, including overhead. The claimant can occasionally climb ramps, stairs, ladders, ropes, or scaffolds. The claimant can frequently balance, and can occasionally stoop, kneel, crouch, and crawl. The claimant can have occasional exposure to vibration, as well as hazards, such as unprotected heights and moving machinery. Additionally, the claimant is limited to performing simple, routine, and repetitive tasks, and making simple work-related decisions.

(R. 19). Plaintiff remained insured through December 31, 2021 (R. 10). The ALJ stated that the VE "persuasively testified that given [an individual with the claimant's age, education, work experience, and RFC] the individual would be able to perform the requirements of representative unskilled light occupations, with an SVP level of 2 such as Electronics worker (DOT # 726.687-

2

010),with 399,643 jobs nationwide; and Packing-line worker (DOT # 753.687-038) with 1,100,992 jobs nationwide (R. 30). The ALJ stated, "Pursuant to 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the DOT" (R. 30). Plaintiff appealed the ALJ's decision, but the Appeals Council denied Plaintiff's request for review (R. 1-34). Having exhausted his administrative remedies, Plaintiff filed this action.

  *B. Standard of Review*

  To be entitled to DIB, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. § 423(d)(3).

  The Social Security Administration, to regularize the adjudicative process, promulgated detailed regulations. These regulations establish a "sequential evaluation process" to determine if a claimant is disabled. *See* 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks

3

required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

C. Discussion

1. apparent conflict

Plaintiff's second issue, that there is an apparent conflict between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT"), requires remand as the law in this circuit recently changed regarding this scenario.[2] In *Washington v. Comm'r of Soc. Sec.*, the Eleventh Circuit held that an ALJ has an affirmative duty to (1) identify any apparent conflicts between a VE's testimony and the DOT, (2) ask the VE about the conflict, and (3) explain in the

---

[2] The DOT is "an extensive compendium of data about the various jobs that exist in the United States economy, and includes information about the nature of each type of job and what skills or abilities they require." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1357 n.2.

4

decision resolution of the conflict. *Washington*, 906 F.3d 1353, 1353-54 (11th Cir. 2018). Per *Washington,* ALJs may no longer simply rely on a VE's statement that that his testimony does not conflict with the DOT. *Washington,* at 1361. Rather, the binding Eleventh Circuit law now is "that [Social Security Ruling] SSR 00-4p imposes an independent, affirmative obligation on the part of the ALJ to undertake a meaningful effort to uncover apparent conflicts, beyond merely asking the VE if there is one." *Id. a*t 1364.

In this case, at the administrative hearing, the ALJ asked the VE to assume a hypothetical individual who could perform a reduced range of light work, but who was "limited to simple, repetitive tasks and simple work-related decisions" (R. 58). The VE responded that "the DOT lists literally hundreds of simple assembly or packaging jobs that would remain within the restrictive limitations" and such an individual would be capable of performing the jobs of electronics worker and packing line worker, both jobs with a reasoning level of 2 (R. 58).[3] When asked whether his testimony was consistent with the DOT, the VE responded "it is consistent with the DOT" (R. 60).

Citing to DOT definition of reasoning level two, Plaintiff posits that a person limited to simple and repetitive tasks would not be able to perform either of the jobs identified. Reasoning level two requires an employee to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." DOT, App'x C (4th ed. 1991), 1991 WL 688702. Plaintiff asserts the ALJ had a duty to elicit a reasonable explanation for the apparent conflict between the VE and the DOT before relying on the VE's testimony and erred by failing to do so. I agree.

---

[3] Reasoning levels, which range from one to six, measure a claimant's ability to engage in certain basic functions related to education and require the claimant to be capable of carrying out instructions and perform mental tasks. DOT, App'x C (4th ed. 1991), 1991 WL 688702.

While the Eleventh Circuit has yet to address this specific issue, applying *Washington*, courts within the circuit have held that there is an apparent conflict when an ALJ's hypothetical question limits a claimant to simple work and the VE names jobs with reasoning levels of two or three.[4] *See generally Nadile v. Saul*, case no. 8:19-cv-9-T-CPT, 2020 WL 1430701 (M.D. Fla. Mar. 24, 2020) (finding it "not clear that a person with Plaintiff's mental limitations to simple, routine repetitive job tasks would be able to successfully carry out the duties of a small parts assembler, office helper, or copy machine operator" all jobs that DOT classifies as reasoning level of two and remanding where neither VE nor ALJ took notice of, or resolved, apparent inconsistency at hearing or anytime thereafter); *Congdon v. Saul*, case no. 8:19-cv-274-T-SPF, 2019 WL 563538 (M.D. Fla. Feb. 5, 2020) (remanding because ALJ failed to comply with affirmative obligation to investigate and resolve "apparent conflict" where claimant "limited to simple, routine, repetitive task[s]" and ALJ concluded claimant could perform jobs identified by VE with reasoning levels of 2 or 3); *Salermo v. Saul,* case no. 8:18-cv-979-T-TGW, 2019 WL 4595157, at *3 (M.D. Fla. Sept. 19, 2019) (recognizing Eleventh Circuit's broad definition of term "apparent" in *Washington* and explaining "[t]he DOT states that, unlike reasoning level 1, reasoning level 2 requires the ability to carry out detailed instructions. That appears to be inconsistent with simple work."); *Saffioti v. Comm'r of Soc. Sec*., case no. 2:17-cv-143-FtM-29CM, 2019 WL 1513354, at *3 (M.D. Fla. Apr. 9, 2019) (remanding because ALJ did not fulfill

---

[4] To date, the Eleventh Circuit has not addressed this issue. Notably, in a *per curium* decision, it stated "this Court has not yet decided in a published opinion whether a limitation to simple, routine repetitive work is inconsistent with a job that requires a general education development reasoning level of three." *See Wooten v. Comm'r of Soc. Sec*., 2019 WL 5092898 (11th Cir. Oct. 11, 2019). In *Wooten*, the Eleventh Circuit decided it "need not resolve that question" because one of the three jobs identified by the ALJ was the job of final assembler with a reasoning level of one, the lowest level, which was consistent with the RFC, such that even if the ALJ had erred in identifying two jobs that required a reasoning level of three that apparently conflicted with the RFC, the error was a harmless one. *Wooten*, at *2.

obligation to resolve apparent conflict between claimant's limitation to simple and routine tasks and short and simple instructions and jobs identified by VE requiring reasoning level of 2); *Borroto v. Comm'r of Soc. Sec.*, case no. 2:17-cv-673-FtM-99CM, 2019 WL 488327, at *9-10 (M.D. Fla. Jan. 8, 2019), report and recommendation adopted, 2019 WL 290599 (Jan. 23, 2019) (finding ALJ erred by failing to resolve apparent conflict where claimant limited to "simple, routine tasks" and VE identified jobs requiring reasoning levels of 2 or 3).

Although the Commissioner acknowledges that *Washington* imposes an affirmative duty on the ALJ to identify apparent conflicts and to resolve them, he maintains that in this case *Washington* is "inapplicable" because "a limitation to simple, routine, repetitive tasks does not apparently conflict with reasoning level 2 as contemplated in the DOT" (doc. 18, p.11). Citing to dictionary definitions of the terms "simple tasks," "routine tasks," and "repetitive tasks," the Commissioner states that the DOT's definition of reasoning level of two (cited above) "aligns with rather than conflict with the limitation to simple, routine, repetitive tasks." The Commissioner also asserts that the term "simple tasks" is a feature of the Commissioner's regulatory definition of "unskilled work," "exactly the type of work … encompassed by jobs identified by the VE." Explaining that the regulatory definition of the term "unskilled work" is work that "needs little or no judgment to do simple duties that can be learned on the job in a short period of time," the Commissioner concludes that a simple task and a simple duty are one and the same. *See* 20 C.F.R. § 404.1568(a); doc. 18, pp. 12-13. Finally, the Commissioner cites cases from other circuits and pre-*Washington* cases in this circuit, to persuade the Court to conclude that a limitation to simple tasks is consistent with jobs with a DOT reasoning level of 2. And the Commissioner maintains that a fact-specific inquiry into whether the Plaintiff can perform the jobs identified is appropriate. I find these arguments unpersuasive.

Under *Washington*, the issue is not whether there is a conflict between limitations to "simple, routine and repetitive work" and "simple work-related decisions," and jobs that the DOT states require a reasoning level of 2. Rather, the issue is whether there is an "apparent conflict" between those two. And the Eleventh Circuit in *Washington* broadly defined that term:

> An "apparent conflict" is thus more than just a conflict that is made apparent by the express testimony of the VE. It is a conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony. At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case.

*Washington*, at 1365. The court also stated, "[A]pparent should be taken to mean apparent to an ALJ who has ready access to and a close familiarity with the DOT. Put another way, if a conflict is reasonably ascertainable or evident, the ALJ is required to identify it, ask about it, and resolve it in his opinion. We take the word 'apparent' to mean 'seeming real or true, but not necessarily so." *Washington*, at 1366.

Following *Congdon, Salermo, and Saffioti, supra,* this case involves at least an "apparent" conflict as that term is defined in *Washington*, between the claimant's limitations to "simple, routine and repetitive work" and "simple work-related decisions," and jobs identified by the VE that the DOT states require a reasoning level of 2. Hence, I find the ALJ erred by failing to fulfill his obligation to identify the conflict(s) and resolve them.[5] For this reason, remand is required.

---

[5] As one judge in the district commented, there is a need for more clarity on this issue: "It is appropriate to add that there is uncertainty whether reasoning levels 2 and 3 are inconsistent with a restriction to simple work. Accordingly, the Commissioner could clarify this area by appealing one of those decisions. The overburdened law judges in this area were blindsided by *Washington's* new mandate, in light of the prior decision in *Jones v. Apfel*, 190 F.3d 1224, 1229-30, that the testimony of a vocational expert 'trumps' the DOT when the two are in conflict. I expect that there are a number of cases in the pipeline that present this issue involving reasoning level 2 or 3." *Salermo, supra,* at *5 (Wilson, J.).

8

*2. migraine headaches*

In light of this remand, I need not address Plaintiff's remaining argument, that the ALJ failed to properly consider his migraine headaches.

*D.     Conclusion*

For the reasons stated above, it is ORDERED:

1. The ALJ's decision is REVERSED, and the case is remanded to the Commissioner for further administrative proceedings consistent with this Order; and

2. The Clerk of Court is directed to enter judgment for Plaintiff and close the case.

DONE and ORDERED in Tampa, Florida on March 27, 2020.

*[signature: Mark A. Pizzo]*

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE